# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE L. STEFANICK,
    Appellant,

   v.

DEPARTMENT OF STATE,
    Agency.

DOCKET NUMBER
DC-1221-14-0959-W-1

DATE: July 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michelle L. Stefanick</u>, Arlington, Virginia, pro se.

<u>Anne Joyce</u>, Esquire, and <u>Hollin D. Luh</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed a complaint with the Office of Special Counsel (OSC) in May 2013, in which she alleged that the agency retaliated against her for making protected disclosures. *See* Initial Appeal File (IAF), Tab 1 at 4, 23. On September 19, 2013, OSC informed her that it had decided to close its investigation into her allegations and that she had 65 days to seek corrective action from the Board. *Id.* at 24-26. She initially did not file a Board appeal, but at some point wrote again to OSC. *Id.* at 23. In an email sent on July 31, 2014, OSC summarized the history of her OSC complaint in response to her correspondence and emphasized that the September 19, 2013 letter was its final determination on the matter. *Id.*

¶3 The appellant subsequently filed this IRA appeal on August 3, 2014. *Id.* at 1-6. In a timeliness order, the administrative judge apprised the appellant of her burden of proving she had timely filed her IRA appeal or that equitable tolling should apply and ordered her to file evidence and argument on the timeliness issue. IAF, Tab 29. The appellant filed numerous responses to the timeliness

order.[2]  IAF, Tabs 31-36, 40-41, 43-51, 53-56.  The administrative judge issued an initial decision dismissing the appeal as untimely filed.  IAF, Tab 58, Initial Decision (ID) at 1, 8.  Specifically, the administrative judge found that the appeal was untimely filed by more than 8 months and that the appellant failed to establish grounds for equitable tolling of the time limit.  ID at 5-8.

¶4    The appellant has filed a petition for review, Petition for Review (PFR) File, Tabs 13-14, to which the agency has responded in opposition, PFR File, Tab 16.  The appellant has replied to the agency's response.[3]  PFR File, Tabs 18-21.

¶5    In her petition for review, the appellant claims that her appeal is timely filed because "the retaliatory acts initiated against [her] has [sic] not yet concluded, which includes deliberate violations of the Freedom of Information and Privacy Acts."  PFR File, Tab 13 at 5.  As explained by the administrative judge, an appellant must comply with the statutory time limit for filing an IRA appeal.  ID at 4; *see* 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.5.  That time limit is based on the date OSC issued its closure letter, not the date of any alleged retaliatory act.  5 U.S.C. § 1214(a)(3)(A); *Hamley v. Department of the Interior*, 122 M.S.P.R. 290, ¶ 8 (2015).  Because the appellant filed her IRA appeal more than 65 days after OSC notified her in writing of the termination of its

---

[2] In an order, the administrative judge stated that eight of the appellant's submissions would not be considered because they were filed after the record on the timeliness issue closed.  IAF, Tab 57.

[3] The appellant submitted two motions for leave to submit additional "material evidence pleadings."  PFR File, Tabs 24, 26.  The Clerk of the Board acknowledged both motions and informed the appellant that only certain types of pleadings are allowed on review. PFR File, Tabs 25, 27; *see* 5 C.F.R. § 1201.114(a).  Because the additional pleadings relate to the merits of her IRA appeal and not to the timeliness of the initial appeal, the additional pleadings do not constitute material evidence.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).  Therefore, we deny the appellant's motions.  5 C.F.R. § 1201.114(a)(5), (k).

investigation, we agree with the administrative judge's finding that her IRA appeal was untimely filed.[4]

¶6　　　The appellant further disputes the administrative judge's finding that she failed to establish grounds for equitable tolling of the time limit. Specifically, she argues that the agency's intentional denial of access to information requested through the Freedom of Information Act (FOIA) not only satisfies the equitable tolling doctrine, but also violates her right to due process and constitutes fraud. PFR File, Tab 18 at 4, 15-16. She also submits evidence of her numerous attempts to receive information from the agency. PFR File, Tab 13 at 11-28, Tab 14, Tab 18 at 17-37, Tabs 19-21. For the reasons cited in the initial decision, the appellant's difficulty in obtaining information from the agency pursuant to a FOIA request is not an extraordinary circumstance establishing grounds for equitable tolling of the time limit. ID at 6-7; *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014). Additionally, she has not shown that the evidence submitted on review is of sufficient weight to warrant a different outcome. *See Russo*, 3 M.S.P.R. at 349; 5 C.F.R. § 1201.115(d). Finally, the appellant's due process and fraud arguments are immaterial to the timeliness issue and, even if proven, would not establish a basis for equitable tolling because of her failure to diligently pursue a Board appeal based on the clear notice in OSC's closure letter. *See Heimberger*, 121 M.S.P.R. 10, ¶ 10.

¶7　　　The appellant further alleges that the administrative judge failed to address her request for "an opinion and/or guidance regarding protected disclosure [sic] and how to proceed accordingly throughout the process as a Department of Justice (DOJ) Victim/Witness to open, on-going Federal Bureau Investigations (FBI)." PFR File, Tab 13 at 6; *see* IAF, Tab 3 at 3. She also contends that the administrative judge failed to take into consideration her status as a victim and/or witness under the Crime Victims' Rights Act. PFR File, Tab 13 at 10, Tab 18 at

---

[4] The appellant has not alleged or proven that she received OSC's written notification more than 5 days after the date of issuance. *See* 5 C.F.R. § 1209.5(a)(1).

l+és

15-16. We do not agree that the administrative judge erred because the Board is prohibited by statute from issuing an advisory opinion. 5 U.S.C. § 1204(h). Further, the administrative judge did not address the appellant's request and status in the initial decision because they are irrelevant to whether the appeal was timely filed or whether equitable tolling should apply. In the timeliness order, the administrative judge clearly informed the appellant that the timeliness issue must be resolved before any other issue raised in her appeal could be considered. IAF, Tab 29 at 2.

¶8 For these reasons, we conclude that the appellant does not provide a reason to disturb the administrative judge's findings that her IRA appeal was untimely filed and that she failed to establish that equitable tolling should apply. We therefore find that the administrative judge properly dismissed the appeal as untimely filed.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The

court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.